Daniel V. Biddulph
Ferguson Law Office, PLLC
PO Box 8359
Missoula, MT 59807
406-532-2664
FAX: 406-532-2663
dan@fergusonlawmt.com

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| KEVIN BRIGGS,<br><br>Plaintiff,<br><br>vs.<br><br>GALLATIN COUNTY SHERIFF OFFICE AND GALLATIN COUNTY DETENTION CENTER; BRIAN GOOTKIN, SHERIFF IN HIS OFFICIAL CAPACITY; LIEUTENANT JASON JARRETT AS AN INDIVIDUAL AND IN HIS OFFICIAL CAPACITY AS JAIL ADMINISTRATOR; SERGEANT NICHOLAS WALISOR AS AN INDIVIDUAL AND IN HIS OFFICIAL CAPACITY AS DETENTION OFFICER; CORPORAL DAVID LAUCHNOR AS AN INDIVIDUAL AND IN HIS OFFICIAL CAPACITY AS DETENTION OFFICER; JOHN DOE(S) 1-8 AS INDIVIDUALS AND IN THEIR OFFICIAL CAPACITTY AS DETENTION OFFICERS<br><br>Defendant | Case No.: CV-18-10-BV-BMMJCL<br><br>BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR EXTENSION OF TIME TO SERVE AND STATEMENT OF GOOD CAUSE |

BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR EXTENSION OF TIME TO SERVE AND STATEMENT OF GOOD CAUSE - 1

Plaintiff, by and through his counsel of record, moves to extend time for service under Rule 4(m) of the Federal Rules of Civil Procedure to July 1, 2018. Plaintiff provides the following Brief in Support and statement of Good Cause.

## Legal Authority

"If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4.

Rule 4(m) does not tie the hands of the district court after the time for service has expired; rather, the rule explicitly permits a district court to grant an extension of time to serve the complaint after the 90-day period, in making that the decision the court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). "At a minimum, "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced

BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR EXTENSION OF TIME TO SERVE AND STATEMENT OF GOOD CAUSE - 2

if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

### **Relevant Timeline Facts**

In December of 2017, Counsel for the Plaintiff forwarded a copy of the complaint and "demand letter" to each of the named defendants. On January 3, 2018 counsel for the Plaintiff received a letter from Cal Stacy of the law firm Stacy, Funyak & Kautz, Billings, Montana. Mr. Stacy represented that he would be representing the Defendants in this matter. Mr. Stacy requested time to review the complaint prior to making any response to the Plaintiff's demand. On January 15, Plaintiff received a letter from Mr. Stacy requesting time to investigate the claim and provide a more formal response to the allegations contained in the complaint.

Both parties agreed that if a resolution could be met it would be beneficial for both parties as it would save unnecessary litigation, however they also acknowledged the Defendant's right to examine relevant factual information related to the claim. On January 31, 2018 Mr. Stacy requested the parties obtain Confidential Criminal Justice Information (CCJI) regarding the Plaintiff's criminal charges which would contain facts relevant to the claims and defenses in the matter. Plaintiff provided Mr. Stacy with a Release of Information form related to the CCJI and Mr. Stacy, through the Gallatin County Attorney Office, filed a

BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR EXTENSION OF TIME TO SERVE AND STATEMENT OF GOOD CAUSE - 3

petition with the Gallatin County District Court to obtain the CCJI. (Montana Eighteenth Judicial District Court, Gallatin County, DV-18-202 B).

On February 1st, 2018, Plaintiff filed the complaint in this matter to preserve a claim under the statute of limitations. On March 19th 2018, the 18th Judicial District Court issued an order to disseminate the CCJI. On April 18th, Mr. Stacy informed Plaintiff's attorney that he had received the CCJI and would be providing copies to Plaintiff's counsel. At that time, Plaintiff also forwarded to Defendant's counsel copies of hearing transcripts and audio and video information pertinent to the case. After review of the material, in mid-May, Defendant's informed Plaintiff that they could not come to a resolution at this time and he would accept service of the complaint for all Defendants. Defendant was provided Waiver of Service forms and returned them to Defendant in June of 2018.

## Argument

If the Plaintiff shows good cause for service outside the 90-day period set forth in Rule 4(m) of the Federal Rules of Civil Procedure, the Court must extend service for an appropriate period." At a minimum good cause means excusable neglect. The factors to consider are: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c)

plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

As a threshold matter, Attorney for the Plaintiff accepts his own roll in failing to serve the Defendants pursuant to the criteria set forth in Rule 4. Plaintiff's attorney was laboring under the false belief that he had more time to serve based on the old Rule 4 which has been amended. Further, Plaintiff had not completed his CM/ECF profile until he filed the Waiver of Summons and did not receive courts notices. Mail was sent from the court, but it was delivered to the Attorney's old address and returned as undeliverable. Upon discovery of his error, Mr. Biddulph promptly reached out to Mr. Stacy to discuss his mistake and Mr. Stacy informed him he would not oppose this motion. Mr. Biddulph accepts his error; however, he respectfully requests this court not punish his client for his mistake.

Notwithstanding Mr. Bidduph's mistake, good cause exists to extend the time for service in accordance with the factors set forth above:

**A) The party to be served personally received actual notice of the lawsuit**. The Defendant's in this matter personally received a copy of the proposed complaint in December of 2017, and their attorney, Mr. Stacy

BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR EXTENSION OF TIME TO SERVE AND STATEMENT OF GOOD CAUSE - 5

received a copy of the complaint and was notified when the complaint was filed in February of 2018.

**B) The defendant would suffer no prejudice.** The Plaintiff and Defendant have been actively engaged in seeking a non-litigative resolution to this matter and have participated in an unopposed motion to the Gallatin County District Court to obtain CCJI relevant to the evaluation or litigation of the case. The parties have remained in contact with one-another and Plaintiff has provided the Defendants with discoverable information in his possession. The Defendant's have been made aware of any events pertinent to the case and the Defendant's attorney volunteered to accept service on his client's behalf. Despite the signing of the waiver after the 90-day period, the Defendants do not oppose this motion. Based on these facts, the defendant has suffered no prejudice to his case.

**C) Plaintiff would be severely prejudiced if his complaint were dismissed.** The subject of this complaint occurs over a period of time while Mr. Briggs was detained in the Gallatin County Detention Center beginning in 2014 and ending in 2015. Given the nature of the case, the statute of limitations could expire in this matter depending on the calculation of the date of injury and any facts or circumstances which

could potentially toll the statute of limitations. While Plaintiff believes he could, in effect, dismiss and re-serve the pending complaint his case could be prejudiced due to the statute of limitations expiring. Expiration of the Statute of Limitations would severely prejudice Plaintiff's case. Further, dismissal and re-service would be a waste of court resources where the Defendant has agreed to accept service and not oppose this motion.

**D) Eventual Service.** As evidenced by the waivers previously filed with this court, service was completed on the Defendant's in this matter. Attorney for the Defendants do not oppose this motion.

It is clear from the facts of this case, and the Defendant's willingness to not oppose this motion, good cause exists to extend the time of service of the complaint in this matter. The Defendant's have received personal notice of this complaint, their case has not been prejudiced and both parties have already engaged in collaborative discovery, and the Plaintiffs case would be severely prejudiced should the matter be dismissed. Further, the Defendants do not oppose this motion.

## Conclusion

BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR EXTENSION OF TIME TO SERVE AND STATEMENT OF GOOD CAUSE - 7

For the foregoing reasons Plaintiff respectfully requests this court find good cause exists under Rule 4(m) to extend the time for service of the complaint to July 1, 2018. Plaintiff has contacted the Attorney for the Defendants in this matter and they do not oppose this motion.

Dated this 20 of June, 2018.

/S/ *Daniel V. Biddulph*
Daniel V. Biddulph, Attorney for Plaintiff
Ferguson Law Office, PLLC

BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR EXTENSION OF TIME TO SERVE AND STATEMENT OF GOOD CAUSE - 8

# CERTIFICATE OF SERVICE

I hereby certify that on 20 Day of June, 2018 a copy of the foregoing document was mailed to the following persons:

Calvin Stacey
Stacey, Funyak & Kautz
Attorney for Defendants
PO Box 1139
Billings MT 59103
(US Mail)

By: /s/ *Daniel V. Biddulph*
Daniel V. Biddulph, Esq.
Ferguson Law Office, PLLC
Counsel for Defendant