Calvin J. Stacey
STACEY, FUNYAK & KAUTZ
100 North 27th Street
P.O. Box 1139
Billings, Montana 59103-1139
Phone: (406)259-4545
Fax: (406)259-4540
CStacey@staceyfunyak.com

ATTORNEYS FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

_____

| | |
|---|---|
| KEVIN BRIGGS, ) | CV 18-0010-BU-BMM-JCL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GALLATIN COUNTY SHERIFF ) | |
| OFFICE AND GALLATIN ) | |
| COUNTY DETENTION CENTER; ) | **DEFENDANTS' ANSWER AND JURY** |
| BRIAN GOOTKIN, Sheriff, in his ) | **TRIAL DEMAND** |
| official capacity; LIEUTENANT ) | |
| JASON JARRETT, as an individual ) | |
| and in his official capacity as jail ) | |
| administrator, SERGEANT ) | |
| NICHOLAS WALISOR, as an ) | |
| individual and in his official capacity ) | |
| as detention officer; CORPORAL ) | |
| DAVID LAUCHNOR, as an ) | |
| individual and in his official capacity ) | |
| as detention officer; JOHN DOES 1- ) | |
| 8, as individuals and in their official ) | |
| capacity as detention officers, ) | |
| | |
| Defendants. | |

1

_____

Defendants, Gallatin County Sheriff Office, Gallatin County Detention Center, Brian Gootkin, Sheriff, in his official capacity; Lieutenant Jason Jarrett, as an individual and in his official capacity as jail administrator; Lieutenant Jason Jarrett, as an individual and in his official capacity as detention officer; Sergeant Nicholas Walisor, as an individual and in his official capacity as detention officer; and Corporal David Lauchnor, as an individual and in his official capacity as detention officer (collectively referred to as "defendants"), by and through their counsel of record, for their Answer to Plaintiff's Complaint, admit, deny and allege as follows:

1. Answering paragraph 1, admit plaintiff Kevin Briggs (Briggs) was previously an inmate at the Gallatin County Detention Center at times relevant to his allegations found in his Complaint however defendants are without sufficient knowledge or information to form a belief as to the remaining allegations found within this paragraph and therefore must deny them.

2. Admit the allegations found in paragraphs 2, 3, 4 and 5.

3. As the allegations found in paragraph 6 are not directed to any specifically named defendant, no response is deemed required however if any allegations found within paragraph 6 directly or indirectly assert claims against defendants, those claims are denied.

4. Answer paragraph 7, defendants admit that venue is proper however in respect to allegations concerning jurisdiction, the jurisdiction of this Court involves a legal

conclusion to which defendants can neither admit nor deny and therefore any and all jurisdictional issues will be resolved, if necessary, by appropriate motions filed during the course of this litigation.   Defendants believe that jurisdiction is proper.

5. As the statements found in paragraph 8 do not set forth allegations, no response is deemed required.

6. Answering paragraph 9, admit that the individually named defendants served as officers with duties applicable to the Gallatin County Detention Center and all other allegations found within this paragraph to the contrary are denied.

7. Deny the allegations found in paragraph 10.

8. As the allegations found in paragraph 11 call for a legal conclusion, no response is deemed required and this legal interpretation will be decided by the Court by way of appropriate pretrial motions, if necessary.

9. Deny the allegations found in paragraph 12.

10. Answering paragraph 13, admit the allegations found in the first sentence of this paragraph however deny all remaining allegations found within this paragraph.

11. Deny the allegations found in paragraphs 14 and 15.

12. Answering paragraph 16, upon information and belief, admit the allegations.

13. Answering paragraph 17, admit the allegations found in the first sentence however in regard to the allegations in the second sentence, admit that Briggs alleges to have tried and hanged himself in April of 2014 however that allegation is contrary to statements made by Briggs to third-parties.

14. Answering paragraph 18, admit that in May of 2014 Briggs attempted suicide by the use of a razor and was watched as a result and appropriate steps were taken for Briggs' safety and all allegations found within this paragraph contrary to that are denied.

15. Answering paragraph 19, admit the allegations in the first sentence but is without sufficient knowledge or information to form a belief as to the truth of the allegations found in the second sentence of this paragraph and therefore must deny them.

16. Answering paragraph 20, admit that Briggs was detained at the Gallatin County Detention Center prior to his trial and sentencing however deny all remaining allegations found within this paragraph.

17. Upon information and belief, admit the allegations found in paragraph 21.

18. Deny the allegations found in paragraphs 22, 23, 24, 25, 26 and 27.

19. Answering paragraph 28, admit that defendant Walisor testified at a District Court hearing and admit that his testimony is reflected in the transcript of the hearing and any allegation found in this paragraph contrary or taken out of context in regard to that testimony is denied as well as all other allegations.

20. Answering paragraph 29, admit the allegations found in the first sentence however deny the allegations found in the second sentence.

21. Answering paragraphs 30 & 40, admit that the Court in Cause No. DC 14-71AX filed in Montana Eighteenth Judicial District Court in and for the County of Gallatin conducted a hearing in regard to Briggs' Motion to Dismiss for Denial of Right to a Speedy Trial and that the Court issued Findings of Fact, Conclusions of Law and Order filed on

4

July 1, 2015 which document speaks for itself and anything found within this paragraph that does not accurately represent the document or is taken out of context is denied.

22. Answering paragraph 31, upon information and belief, admit that both Briggs and Steele were given a specific amount of time for disciplinary reasons for incidents involving them in February of 2014 and any other allegations to the contrary are denied.

23. Deny the allegations found in paragraph 32.

24. Defendants are without sufficient knowledge or information to form a belief as to the allegations found in paragraph 33 and therefore must deny them.

25. Answering paragraph 34, admit that administrative review and appeals are available in regard to disciplinary procedures employed by Gallatin County Detention Center and representatives of the Gallatin County Detention Center are responsible for reviews however all remaining allegations found within this paragraph are denied.

26. Answering paragraph 35, admit that defendant Walisor testified at Briggs' hearing in regard to his speedy trial motion and confirmed that the video evidence did not contain audio however all other allegations found within this paragraph are denied.

27. Deny the allegations found in paragraphs 36 and 37.

28. Answering paragraph 38 and 39, admit that defendant Lauchnor testified at the time of Briggs' motion concerning his speedy trial claim and that the transcript detailing defendant Lauchnor's testimony speaks for itself and any allegation found within this paragraph contrary to the transcript testimony is denied.

29.     Answering paragraph 41, admit that Briggs was questioned about his black eye however all other allegations found within this paragraph are denied.

30.     Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations found in paragraph 42 and therefore must deny them.

30.     Answering paragraph 43, 44 and 45, admit that Briggs, as a result of incidents, received appropriate disciplinary actions and allegations found within these paragraphs to the contrary are denied.

31.     Deny the allegations found in paragraphs 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56 and 57.

32.     In response to paragraphs 58, 69, 79, 89, 97, 107 and 121, defendants reallege and assert at this time each and every response given to each and every paragraph of the Complaint.

33.     Defendants deny the allegations found in paragraphs 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 70, 71, 72, 73, 74, 75, 76, 77, 78, 80, 81, 82, 83, 84, 85, 86, 87, 88, 90, 91, 92, 93, 94, 95, 96, 98, 99, 100, 101, 102, 103, 104, 105, 106, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 122 and 123.

## **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint makes no specific allegations as against defendant Brian Gootkin, Sheriff of Gallatin County in his "official capacity" and therefore defendant Gootkin is entitled to be dismissed as a matter of law as plaintiff has failed to state a claim against defendant Gootkin.

## SECOND AFFIRMATIVE DEFENSE

Defendants Gallatin County Sheriff Office and Gallatin County Detention Center are not entities capable of being sued and therefore must be dismissed from this matter as plaintiff has failed to state a claim against either defendant.

## THIRD AFFIRMATIVE DEFENSE

Subject to amendment as discovery proceeds in this case and in order not to waive this affirmative defense, plaintiff has failed to exhaust all available administrative remedies and therefore his Complaint or certain specific claims found within his Complaint should be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

Subject to amendment and in order not to waive this affirmative defense, plaintiff has failed to mitigate his alleged damages.

WHEREFORE Defendants pray that Plaintiff takes nothing by way of his Complaint and the same be dismissed with prejudice and for such other relief as the Court deems proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Defendants demand trial by jury of this cause.

**DATED** this 6th day of August, 2018.

                                                                  STACEY, FUNYAK & KAUTZ

                              By:    /s/ Calvin J. Stacey
                                     Calvin J. Stacey, Attorneys for
                                     Defendants Gallatin County
                                     Sheriff's Department and
                                     Brian Gootkin

## **CERTIFICATE OF SERVICE**

 I hereby certify that on the 6th day of August, 2018, a true and correct copy of the foregoing ***Defendants' Answer and Jury Trial Demand*** was served upon the following person(s) by the following means:

 __1,2,__  CM/ECF
 _____ Hand Delivery
 _____ Mail

1.  Clerk of Court

2.  Daniel V. Biddulph
  Ferguson Law Office, PLLC
  P.O. Box 8359
  Missoula, Montana  59807

           STACEY, FUNYAK & KAUTZ

        By:  __/s/ Calvin J. Stacey__
           Calvin J. Stacey, Attorneys for
           Defendants Gallatin County
           Sheriff's Department and
           Brian Gootkin