1  Alex J. Stacey
   Calvin J. Stacey
2  STACEY & FUNYAK
   100 North 27th Street
3  P.O. Box 1139
   Billings, Montana 59103-1139
4  Phone: (406) 259-4545
   Fax: (406) 259-4540
5
6  Attorneys for Defendant

7
   UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA
8
9                              BUTTE DIVISION

10 | KEVIN BRIGGS,                    | Case No.: CV-18-10-BV-BMMJCL
11
          Plaintiff,
12                                      **DEFENDANT'S RESPONSES TO**
13 | vs.                               **PLAINTIFF'S SECOND**
                                        **DISCOVERY REQUESTS**
14 | GALLATIN COUNTY,
15
          Defendants
16

17 TO:   Kevin Briggs, plaintiff above-named, and his counsel of record, Daniel V.
18 Biddulph, Ferguson Law Office, P.O. Box 8359, Missoula, Montana 59807:

19 Defendant Gallatin County answers Plaintiff's Second Discovery Request as
20 follows:

21
22        **INTERROGATORY NO. 2:** Please describe, with specificity, the facts or

23 circumstances used by jail staff to place Mr. Briggs on Administrative
24
25 Segregation on or around May 18, 2015. (See CCJI0000083).

26        **ANSWER:**
27
28                       *Defendant's Responses to Plaintiff's Second Discovery Requests - 1*

Mr. Briggs was placed in administrative segregation on May 4, 2015.   The decision to place Mr. Briggs in administrative segregation was supported by Mr. Briggs' continued behavior during the time he was at the Gallatin County Detention Center.   This behavior necessitated that Mr. Briggs be placed in administrative segregation to protect himself and to protect other inmates.

Mr. Briggs was involved in several physical fights and verbal altercations. His behavior indicated he was attempting to antagonize other inmates into these situations.   Such instigation was demonstrated by Mr. Briggs' taunting of and rudeness toward other inmates through verbal insults and physical actions (e.g. throwing food). Mr. Briggs also had multiple disciplinary reports leading up to his administrative segregation.   These reports included violations for failing to follow inmate rules, engaging in verbal arguments with other inmates, refusing to lock himself down, and for making false statements to staff.

In addition, Mr. Briggs's behavior was actively monitored due to the concern he might harm himself after two prior suicide attempts.   As the date for Mr. Briggs' criminal trial was nearing, he had become more distraught with his general situation and his criminal case. Staff was concerned that Mr. Briggs might again try to self-harm.

*Defendant's Responses to Plaintiff's Second Discovery Requests - 2*

1

2

3

**REQUEST FOR PRODUCTION NO. 1:** Please provide any and all documentation used to support your answer in INTERROGATORY NO. 2.

4

5

**ANSWER:**

6

7

8

9

10

11

12

13

14

15

16

17

Supporting documentation already has been provided to Plaintiff through the Order for Dissemination of Confidential Criminal Justice Information, Criminal History Record Information, and Medical Records, dated March 19, 2018. *See, e.g.*, CCJI000162 to CCJI000164, CCJI000176 to CCJI000183, CCJI000186 to CCJI000187, CCJI000194 to CCJI000197, CCJI000202 to CCJI000213, CCJI000216 to CCJI000224; CCJI000227 to CCJI000231; CCJI000245 to CCJI000248; CCJI000252 to CCJI000253; CCJI000262 to CCJI000270; and CCJI000279 to CCJI00310, as well as the digital video files ending in "240" and "827" (BRIGGS 000216 and BRIGGS 000218).

18

19

20

21

22

23

24

25

26

27

See also Bates No. BRIGGS 000099, Gallatin County Detention Center Policy and Procedure Manual, Section 5.2.11, "Administrative Segregation" (Mar. 25, 2015); Bates No. BRIGGS 000169, Email from Bernadette Beausoleil to Rick Lower, et al., "Inmate Briggs and Steele" (Feb. 22, 2015); Bates No. BRIGGS 000170 to BRIGGS 000171, Email from Shawn Fliehman to Michael Anderson, et al., "Inmate Briggs" (May 3, 2015); and Bates No. BRIGGS 000172, "Documentation Regarding Inmate Briggs, Kevin," prepared by Shawn Fliehman.

28

*Defendant's Responses to Plaintiff's Second Discovery Requests - 3*

**INTERROGATORY NO. 3:** Does the Galatian County Detention Center maintain standard guidelines for discipline for certain types of infractions. (i.e. a minor offence would receive discipline X whereas a major offense would receive discipline Y), and if so, what are the guidelines for discipline for each type of infraction.

**ANSWER:**

Yes. *See* Bates No. BRIGGS 000190 to BRIGGS 000195, Gallatin County Detention Center Inmate Manual, Sections 21 through 25 (Mar. 3, 2015) and Bates No. BRIGGS 000097 to BRIGGS 000099, Gallatin County Detention Center Policy & Procedure Manual, Section 22, "Inmate Discipline" (Mar. 25, 2015).

**REQUEST FOR PRODUCTION NO. 2:** Please provide any and all documentation used to support your answer in INTERROGATORY NO. 3.

**ANSWER:**

Please see Defendant's Answer to Interrogatory No. 3.

**INTERROGATORY NO. 4:** Please identify all persons responsible for providing input at team meetings where Mr. Briggs' Administrative Segregation was discussed or continuation of his administrative segregation was decided.

*Defendant's Responses to Plaintiff's Second Discovery Requests - 4*

**ANSWER:**

The following individuals attended one or more of the team meetings at which Mr. Briggs' administrative segregation was discussed or continuation of his administrative segregation was decided. All individuals may be contacted through the undersigned counsel of record.

| Name | Title | Dates of Employment |
|------|-------|---------------------|
| 1. Becca Hagar | Medical Administrative Support | NA – Employed by Benefis Spectrum Medical, Inc. ("Spectrum") |
| 4. Ben Burtch | Detention Officer; Sergeant | January 2011 to Present |
| 7. Brett Slyngstad | Sergeant; Detention Officer | July 2006 to August 2015; July 2016 to Present |
| 10.Brian Taylor | Detention Officer; Gallatin County Sheriff's Deputy | March 2009 to January 2016 |
| 11.Carli Krause | Registered Nurse | NA – Employed by Spectrum |
| 12.Chelsey Pengra | Detention Officer; Sergeant | February 2014 to Present |
| 13.David Lauchnor | Sergeant | April 2012 to August 2016 |
| 14.Dawn Miller | Sergeant | September 2004 to Present |
| 15.Deb Hulet | Registered Nurse | NA – Employed by Spectrum |
| 16.Ed Caball | Sergeant; Gallatin County Sheriff's Deputy | December 2005 to July 2015 |

*Defendant's Responses to Plaintiff's Second Discovery Requests - 5*

Exhibit J

| 17.Eilissa Crow | Licensed Clinical Professional Counselor (LCPC) | NA – Employed by Gallatin Mental Health Center (GMHC) |
|---|---|---|
| 18.Emily Tutvedt | LCPC | NA – Employed by GMHC |
| 19.Jackie Keery Lemon | Program Director | August 2006 to Present |
| 20.Jamie Young | Security Sergeant; Security Lieutenant | January 2000 to Present |
| 21.Jason Jarrett | Acting Jail Commander; Gallatin County Sheriff's Office | September 1995 to Present |
| 22.Johnny Marcella | Detention Officer | November 2010 to Present |
| 23.Joyce Young | A. Registered Nurse  B. Clinic Director | A. Spectrum – May 2004 to April 2017  B. April 2017 to Present |
| 24.LaDawn Eckhart | Sergeant; Medical Officer | December 2000 to Present |
| 25.Matt Michel | Detention Officer | May 2005 to Present |
| 26.Nick Redburn | Sergeant; Gallatin County Sheriff's Deputy | May 2013 to June 2016 |
| 27.Nick Waliser | Sergeant; Detention Officer | January 2011 to Present |
| 28.Rick Lower | Transportation Sergeant | July 1993 to Present |
| 29.Ryan Schwartzmeyer | Mental Health Case Manager | N/A – Employed by GMHC |
| 30.Shawn Fliehman | Detention Officer; Sergeant | January 2012 to Present |
| 31.Tiffani Pimley | Reentry Coordinator; Social Worker | October 2014 to Present |

*Defendant's Responses to Plaintiff's Second Discovery Requests – 6*

Exhibit J

**INTERROGATORY NO. 5:** On May 18, 2015 Mr. Briggs was informed that he would be placed in administrative segregation "based upon his recent behavior", (CCJI000083); please describe with specificity what "recent behavior" justified Mr. Briggs placement in administrative segregation and what facts and circumstances justified Mr. Briggs ongoing and continued placement in administrative segregation.

**ANSWER:**

Please see Defendant's Answer to Interrogatory No. 2 regarding the decision to place Mr. Briggs in administrative segregation on May 4, 2015. Mr. Briggs remained in this classification until August 31, 2015. The continued placement of Mr. Briggs in administrative segregation was supported by the two disciplinary reports in July 2015.

On July 2, 2015, Mr. Briggs was written up for the disruptive conduct of making a false statement. This violation related to Mr. Briggs lying about what had been passed to him under the cell of another inmate and then attempting to hide or destroy the note passed to him before it was located by staff. On July 8, 2015, Mr. Briggs was written up for misusing the intercom system by repeatedly pushing the cell intercom button. He also failed to follow staff directions, as he was asked to quit this misuse on multiple occasions.

*Defendant's Responses to Plaintiff's Second Discovery Requests - 7*

In order to be removed from administrative segregation, Mr. Briggs needed to demonstrate a pattern of behavior indicating that he no longer needed increased supervision. Mr. Briggs' conduct at the Gallatin County Detention Center, as documented through the disciplinary reports, demonstrated that Mr. Briggs required the higher level of supervision.

**REQUEST FOR PRODUCTION NO. 3:** Please produce all documentation used to support your answer in INTERROGATORY NO. 5, including documentation detailing your decision to place Mr. Briggs on Administrative Segregation on or around May 5 2015, and all documentation used to support Mr. Briggs continued placement in Administrative Segregation beyond that date.

**ANSWER:**

Please see Defendant's Response to Request for Production No. 1. In addition, *see, e.g.,* CJI000190 to CCJI000192; CCJI000256 to CCJI000257; CCJI000259 to CCJI000261.

**INTERROGATORY NO. 6:** Please explain, with specificity, why Mr. Steele was given 30 days lock down and Mr. Briggs was given 35 days lockdown for incidents which occurred in February, 2015.

*Defendant's Responses to Plaintiff's Second Discovery Requests - 8*

Exhibit J

ANSWER:

Mr. Briggs and Mr. Steele were given different amounts of lockdown based on their different histories of behavior at the Gallatin County Detention Center. Further, Detention Center Officers have discretion to determine discipline based on the totality of the circumstances. Video evidence demonstrated that Mr. Briggs was the instigator of the fight and was egging on Mr. Steele. In addition, Mr. Briggs had an additional rule violation that Mr. Steele did not.

**INTERROGATORY NO. 7:** On July 17, 2014, Officer Matthew Porter noticed Mr. Briggs had a black eye. (See CCJI000234) Please describe, with specificity, what steps were taken to investigate Mr. Briggs injuries, what persons were interviewed, what video was reviewed, the results of that investigation and what steps were taken to ensure Mr. Briggs safety after this incident.

ANSWER:

After Mr. Briggs was observed with a black eye, he was asked by Officer Porter how the black eye had occurred. Officer Porter also asked Mr. Briggs if he needed medical attention. Mr. Briggs, however, would not talk about how he incurred the black eye, other than to say he did not cause the black eye himself. Mr. Briggs also denied medical attention. Officer Porter then informed his shift sergeant, Sgt. Eckhart. The following day, on July 18, 2014, Sergeant Fliehman

*Defendant's Responses to Plaintiff's Second Discovery Requests - 9*

documented Mr. Briggs' black eye on the Detention Center Shift Briefing Sheet. Mr. Briggs also was directed to submit a kite to medical in order to obtain medication for his complaint that his head hurt.  It does not appear from the kite records that Mr. Briggs made any such request for medical services.

Thereafter, at the July 22, 2014 Interdisciplinary Team Meeting, team members discussed that Mr. Briggs had a black eye, but that staff were unable to see any incident from video recordings of the Detention Center as to how the black eye occurred.  Staff were directed to keep a close eye on Mr. Briggs since the black eye potentially was caused by self-harm.

**REQUEST FOR PRODUCTION NO. 4:** Please provide any and all documentation used to support your answer in INTERROGATORY NO. 7.

Supporting documentation already has been provided to Plaintiff through the Order for Dissemination of Confidential Criminal Justice Information, Criminal History Record Information, and Medical Records, dated March 19, 2018.  *See, e.g.*, CCJI000158 to CCJI000161; CCJI000196 to CCJI000199; CCJI000220 to CCJI000222; CCJI000234; and CCJI000295.

See also Bates No. BRIGGS 000203 to BRIGGS 000204, Detention Center Shift Briefing (July 18, 2014) (redacted).

**INTERROGATORY NO. 8:** Please explain, with specificity, why Mr. Michael Fuchs was not able to provide witness testimony at Mr. Briggs February 2015 disciplinary hearing. (See CCJI000290).

**ANSWER:**

To Defendant's knowledge, Mr. Briggs did not request that Mr. Michael Fuchs provide witness testimony at the February 2015 disciplinary hearing. Pursuant to the Gallatin County Detention Center Inmate Manual, Section 25, "Disciplinary Procedures," an inmate is allowed to call witnesses at the discretion of the Disciplinary Hearing Panel. In addition, "[w]itnesses may be denied for the following reasons:

- o If permitting the witness to testify poses a threat to institutional safety, the safety of the witness, or the safety of third persons;
- o The witness' testimony would be either redundant or immaterial;
- o The witness' testimony concerns the general character of the inmate;
- o The inmate does not appear before the hearing;
- o The inmate's/witness' actions are inappropriate during the hearing;
- o If found guilty of a major rule violation in 05.00.01 and 05.00.03, a minimum of 30 days could be assessed for violations in these sections.

*Defendant's Responses to Plaintiff's Second Discovery Requests - 11*

**INTERROGATORY NO. 9:** On April 29, 2015, Mr. Briggs was found guilty of Fighting/Using Physical Force; please explain, with specificity, the basis for this conclusion and what evidence was reviewed or relied upon to come to this conclusion.

**ANSWER:**

Mr. Briggs was engaged in a physical altercation with Inmate Smith on April 13, 2015. This altercation involved Mr. Smith striking Mr. Briggs in the left eye and resulted in a black eye to Mr. Briggs. After the incident, Mr. Briggs falsely represented to Detention Center Officers that he incurred the black eye when playing basketball. This false statement was confirmed by the video recording of the incident and Mr. Briggs' statement to a visitor on or about April 19, 2015 that he was hit by another inmate. Consequently, not only was Mr. Briggs cited for "Fighting/Physical Force," but also for "Making a False Statement."

**REQUEST FOR PRODUCTION NO. 5:** Please provide any and all documentation used to support your answer in INTERROGATORY NO. 9.

**ANSWER:**

*Defendant's Responses to Plaintiff's Second Discovery Requests - 12*

Exhibit J

1
2
3    Supporting documentation already has been provided to Plaintiff through
4    the Order for Dissemination of Confidential Criminal Justice Information,
5    Criminal History Record Information, and Medical Records, dated March 19,
6    2018. *See, e.g.*, CCJI000158 to CCJI000161; CCJI000196 to CCJI000199;
7    CCJI000220 to CCJI000221; CCJI000249 to CCJI000251; CCJI000262 to
8    CCJI000263; CCJI000277 to CCJI000278; and digital video file ending in "827"
9    (BRIGGS 000218).

**INTERROGATORY NO. 10:** On May 7, 2015 fighting and use of
Physical Force was amended to "rude and/or disrespectful to inmate." Please
describe, with specificity, the facts or circumstances used by jail staff to support
a finding that the plaintiff was being rude or disrespectful to an inmate. Please
include in your response evidence which was reviewed to support this decision
(See CCJI000086 and CCJI000087).

**ANSWER:**

Please see Defendant's answer to Interrogatory No. 2. Mr. Brigg's
violation was amended to "rude and/or disrespectful to inmates," because the
video recording of the altercation documented that Mr. Smith hit Mr. Briggs and
the latter did not fight back.

*Defendant's Responses to Plaintiff's Second Discovery Requests – 13*

Exhibit J

1

2

3

**REQUEST FOR PRODUCTION NO. 6:** Please provide any and all documentation used to support your answer in INTERROGATORY NO. 10.

4

5

**ANSWER:**

6

Please see Defendant's responses to Requests for Production No. 1 and 5.

7

8

9

10

11

12

13

14

15

16

17

18

19

**INTERROGATORY NO. 11:** In February 2015, Mr. Briggs was disciplined or written up for his roll in instigating fights and "refusing to lock himself down, thus removing himself from the situation." Please describe, with specificity, the specific facts relied upon by the disciplinary team to determine Mr. Briggs had in instigated the "fights" which occurred on 02/08/2015 and 02/11/2015; furthermore, please state with specificity, along with citation to the inmate manual or Gallatin County Policy and Procedure Manual, what rule Mr. Briggs violated or where Mr. Briggs was instructed to lock himself down after being assaulted by inmate Steele.

20

21

**ANSWER:**

22

23

24

25

26

27

Objection.   Interrogatory No. 11 contains multiple questions and, consequently, each question should be counted as separate interrogatories. Without waiving this objection, video evidence documents Mr. Briggs continually challenging and taunting Inmate Steele to incite a fight. Mr. Briggs continued this

28

*Defendant's Responses to Plaintiff's Second Discovery Requests - 14*

behavior rather than removing himself from the situation, such as by returning to his cell. Mr. Briggs also was observed throwing food at Mr. Steele. Mr. Briggs was citing for the offenses of MJV.00.01 – Dangerous Conduct and MJV.00.02 – Disruptive Conduct.

**REQUEST FOR PRODUCTION NO. 7:** Please provide any and all documentation used to support your answer in INTERROGATORY NO. 11.

**ANSWER:**

Supporting documentation already has been provided to Plaintiff through the Order for Dissemination of Confidential Criminal Justice Information, Criminal History Record Information, and Medical Records, dated March 19, 2018. *See, e.g.*, CCJI000162 to CCJI000164; CCJI000202 to CCJI000207; CCJI000279 to CCJI000291; and the digital video files ending in "240" and "827" (BRIGGS 000216 and BRIGGS 000218).

See also Bates No. BRIGGS 000097 to BRIGGS 000099, Gallatin County Detention Center Inmate Manual, Section 21 through 25 (Mar. 3, 2015); Bates No. BRIGGS 000169, Email from Bernadette Beausoleil to Rick Lower, et al., "Inmate Briggs and Steele (Feb. 22, 2015); and Bates No. BRIGGS 000205, Gallatin County Detention Center Inmate Orientation Video.

*Defendant's Responses to Plaintiff's Second Discovery Requests - 15*

**REQUEST FOR ADMISSION NO. 1:**   Please admit Plaintiff was questioned about his black eye, in April of 2015, in front of other inmates by Sgt. Eckhardt.

**ANSWER:**

Deny.

**REQUEST FOR ADMISSION NO. 2:** Please admit Kevin Briggs was found guilty of being rude or disrespectful to another inmate as resolution to a disciplinary appeal filed by Mr. Briggs on May 7, 2015.

**ANSWER:**

Admit.

**REQUEST FOR ADMISSION NO. 3:** Please admit Mr. Kevin Briggs was placed on Administrative Segregation on May 5, 2015.

**ANSWER:**

Deny. Defendants are under the belief that Mr. Briggs was placed on Administrative Segregation on May 4, 2015.

*Defendant's Responses to Plaintiff's Second Discovery Requests - 16*

Exhibit J

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUEST FOR ADMISSION NO. 4:** Please admit Mr. Kevin Briggs removed himself from an altercation with Inmate Smith on or around April 14, 2015.

**ANSWER:**

Defendant contends that the video produced depicting an altercation on April 13, 2015 speaks for itself. Leading up to physical contact between Mr. Smith and Mr. Briggs, Mr. Briggs can be seen speaking to Mr. Smith from a table in the center of the common area with Mr. Smith in a cell. Mr. Smith's body language indicate that he is becoming upset in response to Mr. Briggs' words. Both inmates continue to exchange words until Mr. Smith approaches Mr. Briggs and strikes him once upon the head. Mr. Smith then heads back into a cell and Mr. Briggs does the same after exchanging more words with Mr. Smith.

**REQUEST FOR ADMISSION NO. 5:** Please admit Mr. Kevin Briggs did not strike or assault Mr. Steele on or around February 08, 2015 (see CCJI000287 – CCJI000291).

**ANSWER:**

Again, Defendant contends the video produced depicting an altercation between Mr. Briggs and Mr. Steele on February 8, 2015 speaks for itself. Leading

*Defendant's Responses to Plaintiff's Second Discovery Requests – 17*

up to the physical contact between Mr. Steele and Mr. Briggs, Mr. Steele can be

seen sweeping inside a cell. Mr. Briggs then appears to exchange some words

with Mr. Steele and approaches Mr. Steele in the cell. Mr. Steel begins pointing

at Mr. Briggs and it appears that more words are exchanged between the two. Mr.

Steele then leaves the cell and strikes Mr. Briggs upon the head. Mr. Briggs

approaches Mr. Steele again, exchanges more words, takes the broom that Mr.

Steele was using to sweep and attempts to close the cell door on Mr. Steele. Mr.

Steele takes the broom back from Mr. Briggs and continues sweeping. As Mr.

Steele moves to another part of the common area to sweep, Mr. Briggs approaches

again. This trend continues with Mr. Steele moving to other parts of the common

area and Mr. Briggs following, engaging in more conversation and not removing

himself from the situation. Mr. Briggs finally follows Mr. Steele back into the cell

Mr. Steele was previously sweeping and appears to spit into the cell.

**REQUEST FOR ADMISSION NO 6:** Please admit Mr. Kevin Briggs did

not strike or assault Mr. Steele on or around February 11, 2015 (see CCJI000287

– CCJI000291).

**ANSWER:**

Again, Defendant contends the video produced depicting an altercation

between Mr. Briggs and Mr. Steele on February 11, 2015 speaks for itself.

*Defendant's Responses to Plaintiff's Second Discovery Requests - 18*

Exhibit J

Leading up to the physical contact between Mr. Steele and Mr. Briggs, Mr. Briggs approaches Mr. Steele who is standing outside of a cell. Mr. Briggs engages Mr. Steele in conversation and after a moment, Mr. Steele walks away and opens a door to a cell. Mr. Briggs continues to speak to Mr. Steele, even when walking away from Mr. Steele. Mr. Steele then approaches Mr. Briggs and strikes him upon the head. Mr. Briggs then approaches Mr. Steele again before walking away, at which point Mr. Steele enters a cell.

**REQUEST FOR ADMISSION NO. 7:** Please admit Mr. Kevin Briggs removed himself to his cell and locked himself down after being hit or assaulted by Mr. Steele on or around February 11, 2015.

**ANSWER:**

Deny.

**REQUEST FOR ADMISSION NO. 8:** Please admit the Jail Administrator approved of Mr. Briggs placement in lock-down for 35 days pursuant to the Major Rule Infraction Report Hearing (CCJI000282), February 26, 2015.

**ANSWER:**

*Defendant's Responses to Plaintiff's Second Discovery Requests – 19*

Exhibit J

Deny. It is Defendant's belief that the disciplinary team made this approval, not the Jail Administrator.

**REQUEST FOR ADMISSION NO. 9:** Please admit Mr. Kevin Briggs filed an appeal from his February 2015 disciplinary hearing. (See CCJI000094).

**ANSWER:**

Admit.

**REQUEST FOR ADMISSION NO. 10:** Please admit jail administration did not respond to Mr. Briggs 02/26/2015 disciplinary appeal (See CCJI000094).

**ANSWER:**

Admit.

**REQUEST FOR ADMISSION NO. 11**: Please admit jail administration is required by policy to respond to disciplinary appeals.

**ANSWER:**

Deny. Under the Procedure and Policies in place in February of 2015, jail administration was not required by policy to respond to disciplinary appeals.

**REQUEST FOR PRODUCTION NO. 8:** Please produce all JMS entries documenting the reason for placing Mr. Briggs on administrative segregation

*Defendant's Responses to Plaintiff's Second Discovery Requests - 20*

pursuant to Policy 5.2.11 of the Gallatin County Detention Center Policy and Procedure Manual.

**ANSWER:**

Please see Defendant's response to Requests for Production No. 1 and 3.

**REQUEST FOR PRODUCTION NO. 9:** Please produce all documentation used to continue Mr. Briggs placement in administrative segregation after May 5, 2015 including minutes and notes of the mandatory periodic review meetings.

**ANSWER:**

Please see Defendant's response to Requests for Production No. 1 and 3.

**REQUEST FOR PRODUCTION NO. 10:** Please produce all documents, electronic documents, recordings, e-mails, text messages, instant messages, or records related to Mr. Briggs' time at the Gallatin County Jail, disciplinary proceedings, or placement on administrative review.

**ANSWER:**

Objection. Request for Production No. 10 is overly burdensome, ambiguous, and not reasonably calculated to lead to the discovery of admissible

evidence.  In addition, the request seeks information that is confidential criminal justice information and criminal history record information, as well as documents that are attorney work-product and/or protected by the attorney-client privilege. The request also seeks documentation that is confidential information and is excluded from public disclosure pursuant to § 2-6-1003, MCA, based on the safety and security of the Gallatin County Detention Center.

Without waiving these objections, Defendant is not aware of any text messages or instant messages relating to Mr. Briggs' incarceration at the Gallatin County Detention Center.  In addition to the documentation that already is in Mr. Briggs' possession pertaining to his criminal case; documentation that has been provided to Plaintiff through the Order for Dissemination of Confidential Criminal Justice Information, Criminal History Record Information, and Medical Records, dated March 19, 2018; or documentation that is provided through Defendant's responses to the requests for productions herein, see Bates Nos. BRIGGS 000001 to BRIGGS 000218.

Defendant is working through technical issues to recover any and all emails responsive to this Request and reserves the right to supplement this Answer when the issues are resolved.

*Defendant's Responses to Plaintiff's Second Discovery Requests - 22*

**REQUEST FOR PRODUCTION NO. 11:** Please produce any and all behavior management plans for Mr. Briggs and supporting documentation regarding the implementation of the behavior management plan, compliance with the behavior management plan, periodic review of the behavior management plan, or release from the behavior management plan.

**ANSWER:**

Request for Production No. 11 is not applicable, as Mr. Briggs was never placed on a "behavior management plan" during his incarceration at the Gallatin County Detention Center.

**REQUEST FOR PRODUCTION NO. 12:** Please produce all GCDC statistical data or reports on types of infractions which resulted in administrative segregation, isolation or lock-down for inmates and how much time was given to each inmate for each infraction by type or classification.

**ANSWER:**

Defendant is not aware of any existing statistical data or reports as requested by Request for Production No. 12.

**REQUEST FOR PRODUCTION NO. 13:** Please produce a report of all incidents of infraction for being rude or disrespectful to officers or other inmates

Exhibit J

and their corresponding disciplinary measures or sanctions for the period of time

Mr. Briggs was in custody at GCDC.

**ANSWER:**

Objection.   Request for Production 13 is overly burdensome, does not

provide any time limitation, and would require staff to manually search through

each incident report created for any and all inmates ever incarcerated at the

Gallatin County Detention Center.  This request is not reasonably calculated to

lead to the discovery of admissible evidence specific to the present case.   In

addition, the request seeks information about inmates that is confidential criminal

justice information and/or criminal history record information.

**REQUEST FOR PRODUCTION NO. 14:** Please produce copies of all

inmate phone calls provided to Mr. Briggs criminal defense counsel or the

Gallatin County Attorney in preparation for Mr. Briggs criminal trial, pre-trial

motions or hearings, or trial preparation. Please include calls made by Mr. Briggs,

Mr. Steele, Mr. Smith, or any other inmates whose calls were provided.

Objection.  To the extent Request for Production No. 14 requests copies of

inmate phone calls provided to Mr. Briggs' criminal defense counsel, the request

is overly burdensome and requests information readily available by contacting

*Defendant's Responses to Plaintiff's Second Discovery Requests – 24*

Exhibit J

Plaintiff's former legal counsel. Without waiving this objection and to demonstrate the burden imposed by this request, see Bates Nos. BRIGGS 000001 to BRIGGS 000218, documenting all of the discovery receipts filed with the District Court in Mr. Briggs' criminal case.

To the extent Request for Production No. 14 requests copies of inmate phone calls provided to the County Attorney's Office, such information is confidential attorney-work product and/or subject to the attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 15:** Please produce copies of all documents, emails, letters, or correspondence between the Gallatin County Attorney and the Gallatin County Detention Center related to Mr. Briggs.

**ANSWER:**

Objection. Request for Production No. 15 seeks information that is confidential attorney-work product and/or subject to the attorney-client privilege.

This supplemental answer is submitted over the signature of the undersigned attorney. The answers have been prepared to the best of both counsel's and his client's knowledge and are based upon the information known in this case as of this date. They are submitted with the same force and effect as though signed by defendant.

*Defendant's Responses to Plaintiff's Second Discovery Requests – 25*

Exhibit J

1    **DATED** this _____ day of January, 2019.

2

3                                        STACEY & FUNYAK

4

5                                   By: _____

6                                        Alex J. Stacey
                                         Attorneys for Defendant
7                                        Gallatin County

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                  *Defendant's Responses to Plaintiff's Second Discovery Requests – 26*

1

## CERTIFICATE OF SERVICE

2

3

I hereby certify that on the _____ day of January, 2019, a true and correct copy of the foregoing *Defendant's Responses to Plaintiff's Second Discovery Requests* was served upon the following person(s) by the following means:

4

5

___CM/ECF
___Hand Delivery
_1_Mail

6

7

8

1.    Daniel V. Biddulph
      Ferguson Law Office, PLLC
      P.O. Box 8359
      Missoula, Montana  59807

9

10

11

12                                                STACEY & FUNYAK

13

14                                     By:  _____

15                                            Alex J. Stacey
                                              Attorneys for Defendant
16                                            Gallatin County

17

18

19

20

21

22

23

24

25

26

27

28

*Defendant's Responses to Plaintiff's Second Discovery Requests – 27*

Exhibit J