IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KEVIN BRIGGS, | CV 18-10-BU-KLD |
| Plaintiff, | |
| vs. | ORDER |
| GALLATIN COUNTY and JOHN DOES 1-8, as individuals and in their official capacities as detention officers, | |
| Defendants. | |

Plaintiff Kevin Briggs brought this 42 U.S.C. § 1983 action in February 2018 alleging that Defendant Gallatin County violated his procedural and substantive due process rights while he was a pretrial detainee at the Gallatin County Detention Center. After a five day trial in May 2022, the jury awarded Briggs nominal damages on two claims, and returned a verdict for Gallatin County on all other claims. (Doc. 196). The Clerk of Court entered judgment on May 31, 2022. (Doc. 198). Since then, Briggs has filed four post-trial motions: (1) Consent

1

to Withdraw and Motion to Proceed Pro Se (Doc. 201); (2) Motion to Alter

Judgment and for a New Trial Under Rule 59(b) and 59(e) (Doc. 202); (3) Motion

for Attorneys' Fees (Doc. 205); and (4) Motion to Stay Time for Appeal (Doc.

209).

## I.    Motion to Proceed Pro Se

Briggs has been represented by counsel throughout these proceedings,

including during trial. On June 29, 2022, Briggs submitted a pro se filing titled

"Plaintiff's Consent to Withdraw and Motion to Proceed Pro Se." (Doc. 201).

Briggs states that he consents to withdrawal of his attorney, and requests leave to

proceed pro se for purposes of filing a notice of appeal and a Rule 59 post-trial

motion. (Doc. 201). Also on June 29, 2022, Briggs filed a pro se Motion to Alter

Judgment and for a New Trial Under Rule 59(b) and 59(e). (Doc. 202). The next

day, on June 30, 2022, Briggs' attorney filed a Notice of Appeal to the Ninth

Circuit from the judgment entered on May 31, 2022. (Doc. 211).

To the extent Briggs seeks leave to proceed pro se for the purpose of filing a

notice of appeal, his motion is moot in light of the Notice of Appeal filed by his

attorney on June 30, 2022. (Doc. 211). To the extent Briggs moves for leave to

proceed pro se for the purpose of filing a Rule 59 post-trial motion, his motion is

denied. Although Briggs states that he consents to the withdrawal of his attorney,

his attorney has not moved to withdraw from the case under Local Rule 83.3(b).

Instead, Briggs' attorney has continued to litigate this matter by filing a Notice of

Appeal on Briggs' behalf and moving for attorney fees and costs. For these

reasons, Briggs' motion to proceed pro se is denied.

## II.   Motion to Alter Judgment and for a New Trial Under Rule 59(b) and 59(e)

On the same day that Briggs filed his motion for leave to proceed pro se, he

filed a motion to alter the judgment and for a new trial under Federal Rule of Civil

Procedure 59. Although Briggs is represented by counsel, he filed his Rule 59

motion in a pro se capacity. The Court is not required to accept pro se filings from

a litigant who is represented by counsel. See e.g. *Dubois v. Wodnik*, 2018 WL

4775400, at* 1 n. 1 (D. Mont. Oct. 3, 2018) (declining to review a pro se filing

from a litigant who was represented by counsel); *Williams v. Yuen*, 2016 WL

9110167, at *3 (N.D. Cal. May 13, 2016) (recognizing that "[t]he refusal to allow

pro se filings from litigants represented by counsel is a widespread practice in state

and federal courts" and citing Ninth Circuit cases to that effect). Because Briggs is

represented by counsel, the Court will not entertain the Rule 59 motion he filed in

a pro se capacity. See e.g. *Hanson v. Salmonsen*, 2021 WL 2686312, at *1 (D.

Mont. June 30, 2021) (stating that "[t]he Court will not entertain pro se filings

from [plaintiff] while he is represented by counsel").

3

### III.    Motion for Attorney Fees and Bill of Costs

On June 29, 2022, Briggs, through his attorney, filed a Motion for Attorneys' Fees (Doc. 205) and a Bill of Costs (Doc. 204). Briggs, again through his attorney, filed his Notice of Appeal the next day. (Doc. 211). Notwithstanding the pending appeal, the Court retains jurisdiction to address Briggs' motion for attorney fees. See *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983) (holding that district courts retain jurisdiction to address a motion for attorney fees during the pendency of an appeal).

Briggs moves for attorney fees under 42 U.S.C. § 1988, which allows a prevailing party in a § 1983 action to recover attorney fees. *Lefemine v. Wideman*, 133 S. Ct. 9, 11 (2012). Gallatin County argues that Briggs' motion for attorney fees and Bill of Costs should be denied as untimely under Federal Rule of Civil Procedure 54.

### A.    Attorney Fees

Rule 54 governs motions for attorney fees and costs, including the time within which such motions must be filed. As to attorney fees, the rule provides that "[u]nless a statute or a court order provides otherwise," a motion for attorney fees must "be filed no later than 14 days after the entry of judgment Fed. R. Civ. P. 54(d)(2)(B)(i). A party's "[f]ailure to comply with the time limit in Rule 54 is a

sufficient reason to deny a motion for fees absent some compelling showing of good cause." *Amador v. Desert Fire LLC*, 2022 WL 2760059, at *2 (D. Or. June 14, 2022), report and recommendation adopted, 2022 WL 2754851 (D. Or. July 14, 2022) (quoting *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 972 (9th Cir. 2007). See also *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 889-90 (9th Cir. 2000). "A lawyer's mistake of law in reading a rule of procedure is not a compelling excuse." *Kline v. J2 Global, Inc.*, 2019 WL 4137617, at *3 (C.D. Cal. May 8, 2019) (quoting *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004)).

Here, the Court entered judgment on May 31, 2022. (Doc. 198). Thus, under Rule 54(d)(2)(B)(ii), the deadline for Briggs to file his motion for attorney fees was June 14, 2022. However, Briggs did not file his motion for attorney fees until June 29, 2022 – 29 days after the entry of judgment, and two weeks after the deadline for doing so had passed. There is no statute excepting § 1983 cases like this one from the requirements of Rule 54, and the Court has not entered any orders extending the 14-day deadline in this case.

While a Rule 59 motion may toll the time to file a motion for attorney fees, see e.g. *Baily v. County of Riverside*, 414 F.3d 1023, 1025 (9th Cir. 2005), Briggs did not submit his Rule 59 motion until after the 14-day period for filing a motion for attorney fees had already run. Moreover, as discussed above, the Rule 59

5

motion is not properly before the Court because Briggs impermissibly submitted it in a pro se capacity while represented by counsel.

Although he had the opportunity to do so in his reply brief, Briggs has not shown compelling good cause for failing to meet the 14-deadline under Rule 54. Briggs simply argues that Gallatin County will not be harmed if the Court considers his motion, and explains that he did not file his motion earlier because the attorney who first represented him in this litigation "had not provided an affidavit and no longer worked" at the same firm. (Doc. 215, at 7). But there is no reason why Briggs could not have filed his motion for attorney fees without the affidavit of his prior counsel. In fact, even when Briggs did eventually file his motion for attorney fees he still had "not obtained a declaration" from his original counsel. (Doc. 207). Briggs does not provide any other basis upon which the Court could find that he had compelling good cause for not complying with the 14-day time period set forth in Rule 54.

The Court notes that under Federal Rule of Civil Procedure 6(b), a court may accept untimely motions due to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). To determine whether neglect is excusable, the Court considers four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether

6

the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220,

1223-24 (9th Cir. 2000). Briggs does not argue that his motion for attorney fees was

untimely due to excusable neglect, and even if he did, there is no basis in the

record for the Court to make such a finding under the factors identified above. See

e.g. *Kyle v. Campbell Soup. Co.*, 28 F.3d 928, 930 (9th Cir. 1994) (an attorney's

mistake in interpreting and applying the Federal Rules of Civil Procedure is not

excusable neglect).

Because Briggs did not file his motion for attorney fees within the 14-day

time period provided by Rule 54(d) and has not shown good cause for failing to do

so, his motion for attorney fees is denied as untimely.

**B.    Bill of Costs**

Rule 54 also governs costs other than attorney fees and provides that "[t]he

clerk may tax costs on 14 days' notice. On motion served within the next 7 days,

the court may review the clerk's actions." Fed. R. Civ. P. 54(d)(1). Consistent with

federal Rule 54, Local Rule 54 provides that "[w]ithin 14 days after the entry of a

judgment allowing costs, the prevailing party may serve and file an application for

the taxation of costs." L.R. 54.1(a).

Pursuant to Local Rule 54.1(a), Briggs was required to file his Bill of Costs

within 14 days of the entry of judgment, or by June 14, 2022. Because Briggs did

not file his Bill of Costs until June 29, 2022, it is untimely. Briggs makes no effort to explain why he did not file his Bill of Costs within the time period specified in Local Rule 54.1(a) and, as explained above, has not shown good cause for failing to comply with federal Rule 54, or that his Bill of Costs was untimely due to excusable neglect. Accordingly, Briggs' Bill of Costs is denied as untimely.

## IV.   Motion to Stay Time for Appeal

On June 30, 2022, Briggs, through his attorney, filed a Motion to Stay the Time for Appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). (Doc. 210). Briggs, through his counsel, also filed a Notice of Appeal on June 30, 2022. (Doc. 211). On July 5, 2022, the Ninth Circuit notified the parties that it received the Notice of Appeal, assigned a docket number, and issued a Time Schedule Order. (Doc. 213). Because Briggs has filed a Notice of Appeal, his motion to stay the time for doing so is moot.

For the reasons stated above, IT IS ORDERED that:

(1)   Briggs' Consent to Withdraw and Motion to Proceed Pro Se (Doc. 201) is DENIED and the Court will not entertain Briggs' pro se Motion to Alter Judgment and for a New Trial Under Rule 59(b) and 59(e) (Doc. 202);

(2)   Briggs' Motion for Attorneys' Fees (Doc. 205) and Bill of Costs (Doc. 204) are DENIED as untimely; and

(3)     Brigg's Motion to Stay Time for Appeal (Doc. 209) is DENIED as

moot.

DATED this 5th day of August, 2022.

Kathleen L. DeSoto
United States Magistrate Judge

9