IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KEVIN BRIGGS,<br><br>                Plaintiff,<br><br>vs.<br><br>GALLATIN COUNTY and JOHN DOES 1-8, as individuals and in their official capacities as detention officers,<br><br>                Defendants. | CV 18-10-BU-KLD<br><br>ORDER |

Plaintiff Kevin Briggs filed this 42 U.S.C. § 1983 action in February 2018 alleging that Defendant Gallatin County violated his procedural and substantive due process rights while he was a pretrial detainee at the Gallatin County Detention Center. After a five day trial in May 2022, the jury awarded Briggs a total of $0.02 in nominal damages on two claims, and returned a verdict for Gallatin County on all other claims. (Doc. 196). The Clerk of Court entered judgment on May 31, 2022 (Doc. 198), and Briggs filed a timely Notice of Appeal to the Ninth Circuit on June 30, 2022. (Doc. 211). This matter comes before the Court now on Briggs' pro se Rule 60(b) Motion for Relief from Order Denying Attorney Fees (Doc. 220)

and Motion to Expedite Rule on Rule 60(b) Motion (Doc. 224).

**I.      Background**

Briggs was represented by counsel throughout these proceedings, including at trial. Briggs initially retained an attorney who charged him an hourly rate and represented him for most of the pretrial proceedings. (Doc. 221 at 2). After Briggs expended his financial resources, however, his initial attorney withdrew and Briggs hired a second attorney who represented him at trial on a contingency fee arrangement. (Doc. 78; Doc. 81; Doc. 221 at 2).

On June 29, 2022, Briggs, through his trial attorney, filed a motion for an award of attorney's fees in the amount of $50,278.16 under 42 U.S.C. § 1988. (Doc. 205). On the same day, Briggs also filed a pro se motion to alter the judgment and for a new trial under Federal Rule of Civil Procedure 59. (Doc. 202). The Court declined to consider the Rule 59 motion because it was filed in a pro se capacity while Briggs was represented by counsel, and courts are "not required to accept pro se filings from a litigant who is represented by counsel." (Doc. 216 at 3). The Court denied Briggs' motion for attorney fees as untimely under Rule 54, which provides that "[u]nless a statute or a court order provides otherwise," a motion for attorney fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Because Briggs did not file his motion

for attorney fees until June 29, 2022 – 29 days after the entry of judgment on May 31, 2022 and two weeks after the deadline for doing so had passed – the Court denied the motion as untimely. (Doc. 216 at 5).

The Court recognized that a Rule 59 motion may toll the time to file a motion for attorney, but because Briggs did not submit his Rule 59 motion until after the 14-day period for filing a motion for attorney fees had already run, it did not do so in this case. (Doc. 216 at 5). The Court further found that Briggs had not established compelling good cause for failing to meet the 14-day deadline under Rule 54, or that his failure to comply with the deadline was due to excusable neglect. (Doc. 216 at 6-7).

Briggs has filed a pro se motion for relief from the Court's order denying his motion for attorney fees pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 221). He argues the Court erred by denying the motion as untimely, and requests that he be "grant[ed] leave to move for attorney fees once his [Ninth Circuit] appeal is disposed of." (Doc. 221 at 11).

**II.    Analysis**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a

new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Briggs asserts he is entitled to relief under subsection 1 because the Court mistakenly and erroneously concluded that his motion for attorney fees was untimely. (Doc. 221 at 5-7). Even if his motion was untimely, Briggs argues, the late filing was due to excusable neglect.

The Court finds both arguments unpersuasive. As explained above, the Clerk of Court entered judgment on the jury's verdict on May 31, 2022, which means that Briggs – who was still represented by counsel at the time – had until June 14, 2022 to file a motion for attorney fees. Fed. R. Civ. P. 54(d)(2)(B)(i). Because his attorney did not move for fees until June 29, 2022, the Court denied the motion as untimely. The Court further found that Briggs' Rule 59 motion could not toll the 14-day period to file a motion for attorney fees because the Rule 59 motion was filed after the 14-day period had already run. To the extent Briggs now argues the 14-day period for filing a motion for attorney fees began again on the date the Court stated it would not entertain his Rule 59 motion, he does not cite any

persuasive supporting authority.

Briggs further contends that any failure on his part to move for attorney fees by June 14, 2022, was due to excusable neglect because his attorney was in the process of withdrawing from the case and reasonably believed that Briggs' pro se Rule 59 motion would toll the 14-day period to file the motion for attorney fees. The Court previously found no basis in the record to make a finding of excusable neglect, and sees no reasons to revisit that determination based on Briggs' newly raised argument.

Even if Briggs' motion for attorney fees was timely, however, the Court takes this opportunity to point out that any fee award would likely be subject to the cap imposed under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(d)(2). Briggs moves for attorney fees under 42 U.S.C. § 1988, which allows a prevailing party in a § 1983 action to recover attorney fees. *Lefemine v. Wideman*, 568 U.S. 1, at 4 (2012). Where, as here, the plaintiff is a prisoner, "Congress has adopted special standards and limitations on attorney's fees for prevailing plaintiffs seeking monetary damages authorized by 42 U.S.C. § 1988." *Rodriguez v. County of Los Angeles*, 96 F.Supp.3d 1012, 1017 (C.D. Cal. 2014) (citing 42 U.S.C. § 1997e).

Section 1997e(d) of the PLRA provides, in relevant part:

> (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that –
>
>> (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
>>
>> (B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
>>
>> (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.
>
> (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

42 U.S.C. § 1997e(d)(1)-(2).

Federal appellate courts, including the Ninth Circuit Court of Appeals, have consistently interpreted § 1997e(d)(2) as imposing a fee cap equal to 150% of a monetary judgment awarded to a prisoner plaintiff. *Jimenez v. Franklin*, 680 F.3d 1096, 1100 (9th Cir. 2012) (recognizing that while § 1997e(d)(2) "is not a shining exemplar of good draftsmanship," the plain language "signals that no attorney's fee award greater than 150 percent of the monetary judgment may be entered against a defendant") (citing *Shepherd v. Goord,* 662 F.3d 603, 607 (2d Cir. 2011)); *Woods v. Carey*, 722 F.3d 1177, 1180 (9th Cir. 2013) (holding that §

1997e(d)(2) limits the amount of attorney's fees that a prisoner can recover to 150% of a monetary judgment); *Dannenberg v. Valadez*, 338 F.3d 1070, 1075 (9th Cir. 2003) (holding that § 1997e(d)(2) caps the amount of attorney's fees that a prisoner can recover to 150% if the fees were "incurred for the sole purpose of securing a monetary judgment"). See also *Boivin v. Black*, 225 F.3d 36, 40 (1st Cir. 2000); *Parker v. Conway*, 581 F.3d 198, 201 (3d Cir. 2009); *Volk v. Gonzalez*, 262 F.3d 528, 536 (5th Cir. 2001); *Walker v. Bain*, 257 F.3d 660, 667 (6th Cir. 2001); *Johnson v. Daley*, 339 F.3d 582, 583 (7th Cir. 2003); *Keup v. Hopkins*, 596 F.3d 899, 905 (8th Cir. 2010); *Robbins v. Chronister*, 435 F.3d 1238, 1241-44 (10th Cir. 2006).

In addition, the PLRA fee cap applies to nominal damage awards like the one obtained by Briggs. See *Boivin*, 225 F.3d at 40-41; *Foulk v. Charrier*, 262 F.3d 687, 703-04 (8th Cir. 2001). In *Boivin*, a pretrial detainee brought suit against a correction officer for violations of his due process rights. *Boivin*, 225 F.3d at 38. The jury found the defendant liable for violating the plaintiff's due process rights, but awarded him only $1.00 in nominal damages. *Boivin*, 225 F.3d at 38. The plaintiff moved for an award of $3,892.50 in attorney's fees, and argued on appeal that the PLRA's fee cap should not apply to nominal damage awards. *Boivin*, 225 F.3d at 38. The First Circuit disagreed, finding that "[s]ince an award of $1.00 is

just as much a monetary judgment as an award of $1,000,000, the plain language of the statute makes the fee cap applicable to such an award." *Boivin*, 225 F.3d at 40. To conclude otherwise, *Boivin* reasoned, would risk "bizarre results" in that "a prisoner who had won a judgment of $1,000 in compensation for a physical injury suffered in the course of a constitutional violation could be awarded a maximum of $1,500 in attorneys' fees but a prisoner subjected to the same violation who sustained no physical injury and was awarded $1.00 in nominal damages would face no such limitation." *Boivin*, 225 F.3d at 41. *Boivin* thus held "that Congress, in enacting section 1997e(d)(2), meant what it said. The statutory cap on attorneys' fees applies to all monetary judgments, including nominal damage awards." *Boivin*, 225 F.3d at 41. See also *Foulk v. Charrier*, 262 F.3d 687, 703 (8th Cir. 2001) (agreeing with "the reasoning and conclusions of the First Circuit in *Boivin v. Black*" and finding that "exempting nominal damages awards from the statute could, as the First Circuit explained, lead to absurd results.")

Here, the Court ruled as matter of law on summary judgment that the County violated Briggs' due process rights, and the jury awarded him a total of $0.02 in nominal damages. Briggs did not seek or obtain injunctive relief. See *Dannenberg*, 338 F.3d at 1075 (concluding that attorney "fees incurred to obtain injunctive relief, whether or not monetary relief was also obtained as a result of

those fees, are not limited by" § 1997e(d)(2)). Accordingly, even if Briggs' motion for attorney fees was properly before the Court, under § 1997e(d)(2) of the PLRA he likely would not be entitled to recover more than 150% of the $0.02 judgment amount.

### III.  Conclusion

For the reasons outlined above,

IT IS ORDERED that Briggs' Rule 60(b) Motion for Relief from Order Denying Attorney Fees (Doc. 220) is DENIED, and his Motion to Expedite Ruling on Rule 60(b) Motion (Doc. 224) is DENIED AS MOOT.

DATED this 15th day of June, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge